ments are that the property possessed shall have been stolen from interstate commerce and that such possession is with knowledge that the property is stolen property.

[2] It is, also, objected that the sentence was excessive and "not in keeping with the character or gravity of the offense or the degree of moral turpitude involved in the alleged crime." We cannot consider such a matter, the amount of punishment being a matter exclusively within the judgment of the trial court.

[3] Another objection to the sentence is that it is in excess of that permitted by the law. The sentence was ten years' imprisonment on each count, to run concurrently, and one fine of $5,000. The statute authorizes both fine up to $5,000 and imprisonment up to ten years. As the prison sentences on the two counts were to run concurrently the time of actual confinement is not altered by the fact that the conviction upon one of the counts must fall. The total punishment assessed is not in excess of that permitted by the statute on the good count.

A further objection to the sentence was made at the oral argument, but it is not included in the assignment of errors and will not be considered.

The judgment is affirmed.

---

**OHLEN-BISHOP CO. et al. v. SCHWARTZ-HERMANN STEEL WORKS, Inc.**

(Circuit Court of Appeals, Sixth Circuit. March 6, 1923.)

No. 3756.

Appeal and error ⊜⟾1064(4)—Mistake in referring to parties in charge, not corrected on request, held prejudicial.

In an action for the purchase price of steel, where defendant filed a counterclaim on the ground that a portion of the steel delivered was unfit for use, and defendant's evidence could have supported a finding that 92 per cent. of the steel was valueless, a charge that, if defendant's full claim as to the bad quality of the steel was established, defendant would be liable for 92 per cent. of the amount involved, which was manifestly an inadvertent reference to defendant in the main suit, instead of to plaintiff, which was defendant in the counterclaim, but which was not corrected on request of defendant's counsel, was not harmless, where the amount of the verdict indicated it was a compromise, and the record would sustain a fair inference the jury was misled thereby.

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Action at law by the Schwartz-Hermann Steel Works, Inc., against the Ohlen-Bishop Company and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

Wm. J. Ford, of Columbus, Ohio (Ballard, Jones & Price, of Columbus, Ohio, on the brief), for plaintiffs in error.

James M. Hengst, of Columbus, Ohio (J. J. Kramer, of New York City, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

⊜⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DENISON, Circuit Judge. The Steel Works brought suit to recover the unpaid purchase price of steel sold to the Saw Company. The Saw Company defended as to a great part of the unpaid purchase price, and counterclaimed for recovery of what had already been paid, upon the ground that most of the steel was worthless for the intended use. Defendant also claimed damages for interruption to its business and loss of profits. The defendant's evidence would have supported a finding that 92 per cent. of the steel, including that paid for and that not paid for, was valueless. The plaintiff had a verdict for about $50,000.

The evidence offered to show defendant's loss of profits in support of the counterclaim did not with sufficient competence tend to show non-speculative profits, and was properly rejected. Central Co. v. Hartman (C. C. A. 8) 111 Fed. 96, 98, 49 C. C. A. 244; and see Hollweg v. Schaefer Co. (C. C. A. 6) 197 Fed. 689, 701, 117 C. C. A. 83.

In the course of charging the jury, it was told in effect that if the defendant's full claim as to the bad quality of the steel was established, defendant would be liable for 92 per cent. of the amount involved. This was doubtless an inadvertent reference to defendant in the main suit, instead of to the plaintiff, which was defendant in the counterclaim. Other parts of the charge would perhaps have left it fairly clear that this was a mere inadvertence, and that the jury would not be misled. However, defendant's counsel promptly called it to the court's attention, asking that the correction be made. For some reason, which the record does not make clear, the confusion persisted, and the mistaken substitution of "defendant" for "plaintiff" in stating the respective rights of the parties was repeated. This was the last thing said to the jury, and it was necessarily so impressed on their minds as to be likely to supersede any previous more general instructions which did not involve this reversal of parties.

The verdict was apparently a compromise. It is quite impossible to find from the record that reasonable probability that the jury was not misled, which would be necessary to make the error nonprejudicial under section 269, Judicial Code (Comp. St. § 1246); indeed, there is a fair inference to the contrary.

The judgment must be reversed, and the case remanded for a new trial.

---

## UNITED STATES v. TWENTY–SIX CASES OF INTOXICATING LIQUORS.

(District Court, D. Massachusetts. March 14, 1923.)

No. 2266.

Intoxicating liquors ⬁255—United States cannot take liquor away from state for forfeiture.

Where intoxicating liquors were illegally unladen from a vessel, and were transferred into a motorboat, and an officer of the state seized the liquors under a search warrant, and the United States then filed an information for forfeiture, and while it was pending forfeiture proceedings were heard in the state court, and the liquors were forfeited to the state,